IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK N. VALENCIA,

    Plaintiff,

v.                                                                                  Civ. No. 09-705 GBW

SOCIAL SECURITY ADMINISTRATION,
Michael J. Astrue, Commissioner of the
Social Security Administration,

    Defendant.

### ORDER GRANTING MOTION TO WITHDRAW

THIS MATTER is before the Court on Plaintiff's Counsel's Motion to Withdraw as Attorney. *Doc. 18.* Because Plaintiff did not initially respond when notified of Counsel's intent to withdraw, Counsel filed this Motion as an opposed motion as required by D.N.M.LR-Civ 83.3(b). On February 1, 2012, Plaintiff was served by mail with the motion. *See doc. 18.* Therein, Plaintiff was informed that, "objections [to the withdrawal] must be served and filed within fourteen (14) calendar days from date of service of [the] motion . . . ." *Id.*

Plaintiff filed objections with the Social Security Administration instead of this Court.[1] *See doc. 19.* Therein, Plaintiff objects to permitting withdrawal of his attorney because: (1) Plaintiff never terminated the representation in writing; (2) Counsel

---

[1] Because the Court finds an alternative basis for granting the motion, the fact that objections were not timely filed with the Court need not be addressed.

allegedly "got [Plaintiff] into trouble with OIG;" and (3) Plaintiff is in the process of filing a complaint with the State Bar Association. *Id.* Ex. A.

"The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ." *Abell v. Babbitt*, No. 98-2315, 1999 U.S. App. LEXIS 7247, at *5 (10th Cir. Apr. 14, 1999). Pursuant to the New Mexico Rules of Professional Conduct, "a lawyer shall not represent a client if the representation of that client may be materially limited by the . . . lawyer's own interests . . . ." N.M. R. Prof'l Conduct 16-107(B).

Rather than offering substantive reasons for denying the motion to withdraw, Plaintiff's objections confirm the need for the Court to grant Counsel's motion. Counsel initially requested withdrawal based upon a termination of representation and Plaintiff's refusal to communicate with Counsel. *See doc. 18* at 1. While Plaintiff has denied that he terminated the representation, Plaintiff alleges that he has been harmed by Counsel and intends to pursue disciplinary proceedings against Counsel. *See doc. 19* Ex. A. It is apparent to the Court that the attorney-client relationship has broken down and that the interests of Plaintiff and his Counsel may now be adverse to each other. In such circumstances, the Court must permit Counsel to withdraw.

Wherefore, IT IS HEREBY ORDERED that Counsel's Motion to Withdraw, (*doc. 18*), is GRANTED. Gary J. Martone and the Martone Law Firm are withdrawn from representation of Plaintiff.

2

IT IS FURTHER ORDERED that, until the entry of appearance by another counsel, Plaintiff will be deemed to proceed *pro se*.[2]  Any notice or pleading which need be served upon Plaintiff in the proceeding shall be served at his addresses of 5708 Eastern SE, Apt. 26, Albuquerque, NM 87109 and P.O. Box 1583, Santa Fe, NM 87504.

.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[2]  The Court notes that the Complaint in this case was dismissed on December 11, 2009 and the case was closed.  *Doc. 17*.  Therefore, no further action is necessary or expected.